## LINTON *v.* UNEXCELLED FIRE-WORKS CO.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

**1. MASTER AND SERVANT—WRONGFUL DISCHARGE.**

In an action for the wrongful discharge of plaintiff as superintendent of defendant's fire-works factories, where it was claimed the plaintiff was unfaithful, and had appropriated and given away defendant's property, it was shown that plaintiff gave some fire-works to the fireman of an engine company. *Held,* that proof of a custom to do this was properly admitted.

**2. Same.**
It was also proper to prove by plaintiff that the defendant's manager had **never** objected to his fidelity.

Appeal from circuit court, Kings county.

Action by Charles B. Linton against the Unexcelled Fire-Works Company. There was a verdict for plaintiff for $3,367, and from the judgment entered thereon defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hatch & Warren,* for appellant.   *William J. Gaynor,* for respondent.

BARNARD, P. J.   The defendant agreed in writing to have the plaintiff as superintendent of its factories, from July 13, 1887, to the first day of January, 1890, at the yearly compensation of $4,000 a year.   On the 6th of February, 1889, the defendant discharged the plaintiff, and this action was brought to recover for a breach of this contract.   The defendant in its answer gave many reasons for the discharge: The plaintiff was unfaithful.   He appropriated to his own use the defendant's property.   He gave away the defendant's manufactured articles.   He used the defendant's employes to do work for himself.   He disobeyed orders.   He engaged in other business.   These questions of fact were sharply contested on the trial, and the finding of the jury cannot be set aside if no error was committed upon the trial.   It was proven on the trial that the plaintiff gave some fire-works to the fireman of a fire-engine company.   The proof of a custom to do so was objected to, and its admission is urged as error.   Similar proof as to an adjoining foreman had been received without objection, and this evidence as to the gift to the fireman was under the direction, or at least with the assent, of the manager of the works.   It was not a question of any importance whether one Gillitard removed property to fix his piazza, and the evidence was properly rejected.   It was proper to prove by the plaintiff that the manager had never objected to the plaintiff's fidelity.   Proof was given that certain of plaintiff's acts were wrong.   The plaintiff and the manager seem to be at variance in their testimony.   It was, under these circumstances, proper to show that no communication was ever made to plaintiff as bearing upon the existence of the facts out of which the charge of infidelity to the engagement upon plaintiff's part is based.   While the rule is strictly adhered to that the verdict of a jury is final as to disputed questions of fact, there is no reason in the case to show that the finding is not right.   The discharge was sudden, and was made without any substantial reason, so far as the defendant then knew.   The conflict has been made upon alleged discoveries since the discharge.   Many of these are trifling.   A gift to a fireman and a fire-company, for the benefit of the company, of a few fire-works.   A taking of property without value.   An effort to show that the plaintiff's son's business was his own.   An employe is permitted to stay the day out on which she was discharged.   These are the principal questions given to the jury.   If the formula belonged to the plaintiff it was a secret of his own; otherwise it was public to all, and the plaintiff should have given it up.   The question went to the jury on this theory without objection, and there is no reason to question the finding.   Some were denied.   Some were done with defendant's assent.   Some fell from their unimportance, where there was no intention to do wrong.   The judgment should therefore be affirmed, with costs.   All concur.